On Application for Rehearing
PER CURIAM.
Plaintiff, in its application for a rehearing in this matter, urges that we erred when we stated in our original opinion that the identifying number used in the chattel mortgage to describe the seized property was inaccurate. Applicant points out that the number used to identify the *352 equipment, i.e., 7Z486, although it is not stamped or otherwise made to appear on the equipment, is in fact a composite number used by the manufacturer to identify the assembly of components, i.e., compressor, motor and tank.
We concede that James Silva, President of the plaintiff corporation, did testify to that effect and acknowledge our error in failing to make this clear in our original opinion. However, the record does not reflect that this allegedly identifying composite number was known to anyone other than the manufacturer and its dealers for it does not appear stamped nor is it otherwise made manifest on any of the components. There are however, as noted in our original opinion, identifying numbers, plainly stamped on the components, none of which numbers appear in the chattel mortgage. Under these circumstances we adhere to our original opinion that if the mortgage document purports to provide an accurate and complete description of the mortgaged property good faith third party purchasers need not make further inquiry regarding the status of the property.
Appellant’s application for a rehearing is denied.